Sean C. Sheely
Sean P. Barry
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: 212-513-3200
Telefax: 212-385-9010
Email: sean.sheely@hklaw.com
      sean.barry@hklaw.com

*Attorneys for Plaintiff
Producers Credit Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRODUCERS CREDIT CORPORATION,<br><br>                 Plaintiff,<br><br>- against -<br><br>MICHAEL A. FOOTE,<br><br>                 Defendant. | Civil Action No.<br>17-cv-02553-RMB-AMD |

## DEFAULT JUDGMENT

**Whereas,** the Summons and Complaint of Plaintiff Producers Credit Corporation ("Plaintiff") in this action have been duly served on defendant Michael A. Foote ("Defendant"). *See* Doc. # 8.

**Whereas,** Defendant has failed to plead or otherwise defend this action within the time prescribed by the Federal Rules of Civil Procedure. *See* Docs. # 11 at 2, 11-1 ¶ 8.

**Whereas,** on or about June 26, 2017, the Clerk of Court entered a Clerk's Entry of Default as to Michael A. Foote for failure to plead or otherwise defend.

**THIS MATTER** having come before the Court upon the motion of Plaintiff Producers Credit Corporation ("Plaintiff" or "Lender") for default judgment against Defendant, and based on the Complaint and other papers filed in this action,

It is on this 26th day of September, 2017,

**ORDERED** that Plaintiff's Motion for Default Judgment is hereby **GRANTED**; and it is

**FURTHER ORDERED AND ADJUDGED** that:

1. On Plaintiff's First and Second Claims, Plaintiff shall have judgment and recover from Defendant the sum of $175,339.79, which is comprised of principal and interest due and owing under the underlying loan agreements, plus ~~$_____ in~~ interest from April 11, 2017 ~~at the rate of $56.764~~ per day up to and until the date of entry of judgment, ~~in all the sum of $_____, and that Plaintiff shall have execution thereof,~~ as approved by the Court.

2

2. On Plaintiff's First and Second Claim, Plaintiff shall have judgment and recover from Defendant the sum of $15,994, which is comprised of Plaintiff's attorneys' fees and costs associated with bringing this action.

3. This judgment will bear interest at the rate applicable to judgments issued by federal courts from the date of entry of judgment until the judgment is satisfied.

4. On Plaintiff's Third Claim, Robert D. Katz of Eisner Amper LLP (Katz and EisnerAmper referred to herein as "Receiver") is hereby appointed by the Court to act as receiver of ~~the personal~~ certain property pledged as security for repayment of the loans from Plaintiff to Defendant Michael A. Foote ("Defendant" or "Borrower"), to wit: ~~described as all of the following whether now owned or hereafter acquired:~~

- ~~All products and proceeds thereof, all additions or accessions~~ thereto, ~~and all substitutions and replacements thereof, all crops growing,~~ grown, or to be grown;
- ~~All harvested crops;~~
- ~~All~~ warehouse receipts or other documents (negotiable or nonnegotiable) ~~issued for storage of such~~ crops;
- All seed, fertilizer, ~~chemicals and petroleum, and any other crop input products;~~

3

~~a. All contract rights, chattel paper, documents, instruments, accounts, general intangibles, and cash and non-cash proceeds from the sale, exchange, collection, or disposition of any of the collateral;~~ *JRG*

~~b. All entitlements and payments, whether in cash or in kind, arising under any governmental, whether federal or state, agricultural subsidy, deficiency, diversion, conservation, disaster, or any similar or other programs; and~~

c. All farm and business machinery, equipment and tools.

~~(the "Property")~~, but only such farm and business machinery, equipment and tools reasonably believed to be adequate security for the satisfaction of the default judgment (the "Property").

5. Before performing its duties, the Receiver shall take a receiver's oath in a form acceptable to the Court.

6. Unless agreed otherwise in writing by the Parties and filed under notice with this Court, the Receiver shall obtain a surety bond in the amount of $10,000 to be provided by a corporate surety, guaranteeing the performance by him of the duties and obligation of the oath of receivership, the bond shall be payable to this Court in order to provide coverage to the Parties as their respective interests may appear for loss due to acts of all agents, servants, and/or employees of the Receiver, and the Bond shall be submitted to the Clerk of this Court for filing and approval by the Clerk of the Court within twenty (20) days from the date of this Order.

*In re Investors Warranty of Am., Inc. v. B.W.E. Dev. LLC,* 2010 WL 2557559, at *5 (D.N.J. 4 2010). Plaintiff alleges in its Complaint that the collateral is estimated to be $405,600. (Complaint, pg. 6). It is unclear to the Court why Plaintiff seeks the replevin of $200,000 more than the judgment

7. The Receiver shall be and is hereby is empowered to take immediate possession and control of ~~all of~~ the Property, as described above.

8. The Receiver shall prepare and file, within thirty (30) days from the date he takes possession of the Property, a full and detailed inventory to the best of his knowledge, all the property and assets of which he is hereby given custody.

9. The Receiver shall immediately take possession of the Property and shall retain custody of the Property until further order of this Court. All persons or entities now or hereafter in possession of the Property, or any part thereof, or any other of the items entrusted to the Receiver shall forthwith surrender such possession to the Receiver and shall not interfere in any way with the Property or the Receiver's efforts to safeguard or sell the Property. The Receiver is authorized to employ agents, servants and employees, and to otherwise contract as necessary, for the purpose of taking possession of, managing, and selling the Property, and carrying out the terms of this Order.

10. The Receiver shall use his best efforts to manage, preserve, protect and maintain the Property in a reasonable, prudent, diligent and efficient manner, and may engage such employees or agents as are necessary or appropriate to accomplish the foregoing. Without limitation of this general duty, the Receiver shall have the following specific duties, rights and powers:

a. The Receiver shall not suffer, cause or permit: (i) any removal of any of the Property; or (ii) any waste of the Property except as necessary to collect ~~and~~ sell ~~the crops and other~~ the Property. *OHO*

b. Following entry of this Order and recovery of cash proceeds from the Property, the Receiver shall establish and maintain, at a bank or savings and loan association whose deposits are insured by the FDIC, a separate operating account (the "Operating Account"). The Receiver shall deposit all proceeds from the Property and all monies received in connection with the issuance of First Lien Certificates of Indebtedness provided for under Paragraph 8 of this Order into the Operating Account, from which the Receiver shall have the authority to withdraw funds for the purpose of managing, preserving, protecting, and maintaining the Receivership Property, and paying expenses pursuant to the terms of this Order.

c. The Receiver is authorized to ~~harvest, market, and~~ sell the Property in *OHO* a manner as the Receiver deems appropriate, to engage a broker or to serve as broker or as auctioneer for the sale of the Property, to advertise the sale of the Property and incur expenses the Receiver deems necessary and appropriate to market and sell the Property. Receiver may otherwise sell ~~crops and other~~ the Property in the ordinary course of 

business. Unless otherwise ordered by this Court, proceeds from the any sale of any of the Property shall be held by the Receiver in the Operating Account.

11. Without further order of this Court, the Receiver may, upon written agreement with Plaintiff, borrow up to $25,000 from Plaintiff for the performance of his duties hereunder, and may issue First Lien Certificates of Indebtedness in accordance with the provisions of this paragraph, the principal and interest evidenced by each Certificate shall be a first and prior lien and security interest upon the Property, and upon all monies generated by the Property. The lien of each Certificate shall be prior and superior to the rights, titles and interests in the Property of all parties to this action, as well as to the lien of Plaintiff (the "Security Documents"). The lien of each Certificate shall be prior and superior to the interest or lien or all judgment holders, mechanics' lien claimants, stockholders and creditors of Defendant. Nothing in this Order shall limit any right of Plaintiff to advance funds under its Security Documents to the Receiver or other persons for the maintenance, preservation and/or protection of the Property, which advances shall be secured by Plaintiff's existing liens. Nothing in this Order shall obligate Plaintiff to advance all or any part of the borrowings authorized herein.

12. The Receiver is directed to prepare on or before the 20th day of every third month, commencing on the 20th day of the third full calendar month beginning

after the date of this Order, so long as all or any portion of the Property shall remain in his possession, a full and complete report, under oath, setting forth all receipt and disbursements, cash flow, and reporting of all material changes in the Property during the period covered by the report. Each quarterly report shall include: (a) a summary of all monies collected in that month specifying the date, source, and amount of each payment received; (b) a monthly operating report showing all expenditures from each trust account for that month broken down into categories shown in the Budget; (c) a check listing showing all disbursements from each account for that month; and (d) copies of the most recent statements for the Operating Account. The Receiver is directed to serve a copy of each report on all counsel of record in this action. The first quarterly report shall include an accounting of receipts and disbursements related to the Property and a summary of disbursements to any insiders or affiliated persons or entities within the last two years that were not utilized for the operation or maintenance of the Property. ~~This defendant is assumed to be cooperative and make this information available.~~

13. Nothing herein shall be deemed to authorize the Receiver to undertake any activity not specifically authorized in this Order, but if such activity is required or permitted to be undertaken pursuant to further order of this Court, the Receiver shall conduct such activity, *upon application and approval of the Court,* in accordance with the terms of such further order.

14. The Receiver is authorized, in his business judgment, to enter into a standard management company or caretaker contract for the day-to-day maintenance and harvest of the crops and other Property.

15. Except as otherwise requested or authorized by the Receiver, Defendant Michael A. Foote, his agents, employees, and anyone else is hereby prohibited from interfering in any manner with the management of the Property by the Receiver. Defendant may, however, cooperate and assist the Receiver, if requested by the Receiver.

16. The Receiver and the Receiver's attorneys and agents: (i) may rely on any and all outstanding court orders, judgments, decrees and rules of law, and shall not be liable to anyone for their own good-faith compliance with any such order, judgment, decree or rule of law; (ii) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties; (iii) shall not be liable to anyone for their good-faith compliance with their duties and responsibilities as a receiver, or as attorney or agent for Receiver; and (iv) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (iv) of the preceding sentence, persons dealing with the Receiver shall only look to the

~~receivership estate assets to satisfy any liability, and neither the Receiver nor his attorneys or his agents shall have any personal liability to satisfy any such obligation. Furthermore, no subpoenas shall be served on the Receiver without leave of this Court.~~

17. The Receiver shall be entitled to collect a reasonable fee *as determined by the Court* for the time expended and services rendered in connection with this receivership ~~as follows: Robert Katz's normal rate is $535 per hour, because of the nature of this engagement, his rate will be capped at $450 per hour per hour and reasonable out-of-pocket expenses for managing and operating the Property, preparing reports required by this Order, court appearances, litigation support and other otherwise fulfilling his duties and responsibilities and carrying out his powers under this Ord~~er. The Receiver shall make application to this Court for payment of his fees. ~~Alternatively, the Receiver, may disclose his fees, as well as the fees and costs of his legal counsel and other persons retained or employed by the Receiver in accordance with this Order, in the quarterly reports required under Paragraph 9 of this Order and if there is no objection by any party to this action, such fees and costs shall be deemed approved by this Court and the Receiver shall be authorized to pay such fees and costs to the extent such funds are available in the Property~~. Such fees and costs may also be paid by Plaintiff and included under First Lien Certificates of Indebtedness under Paragraph

8 of this Order. If there is a timely written objection, then payment shall only be made upon Order of this Court after notice to all parties.

18. The Receiver is hereby empowered to employ independent legal counsel to furnish legal advice and provide representation to the Receiver for such purposes as may be necessary during the period of receivership. All the Receiver's attorneys' fees to be paid by the Receiver shall be by application to the Court, ~~or alternatively, as provided under the mechanism set forth in Paragraph 14 of this Order.~~ Alternatively, if appropriate, the Receiver may choose to use Plaintiff's counsel.

19. The Receiver may at any time upon notice to all parties, apply to this Court for further or other instructions or powers, whenever such instructions or additional powers shall be deemed necessary in order to enable him to perform properly and legally the duties of his Receivership and to maintain, operate, protect and preserve the Property.

20. ~~On Plaintiff's Fourth Claim, no later than _____, 2017 at _____ a.m./p.m. Defendant shall assemble the Property and turn over possession of the Property to Plaintiff or its designee.~~

21. ~~On Plaintiff's Fifth Claim, the Property shall be sold at judicial sale and the proceeds held pending further order of this Court and a determination of the various lien priorities and interests.~~

11

22. This Court retains jurisdiction to resolve any controversy arising from or relating to the provisions of this Order.

**BY THE COURT:**

_____
Hon. Renée Marie Bumb, U.S.D.J.